UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SKYBOLT AEROMOTIVE
CORPORATION, a Florida Corporation

    Plaintiff,

v.                                             Case No: 5:16-cv-616-Oc-PRL

MILSPEC PRODUCTS, INC. and
JEREMY SUMMERS

    Defendants.

## ORDER

Before the Court is Plaintiff's motion to compel the production of documents. (Doc. 31). Through the motion, Plaintiff seeks documents responsive to its production requests, namely Requests to Produce Numbers 48, 52, 53, 61–63, 70, and 71. Defendant Milspec Products, Inc., the only Defendant that the motion proceeds against, has now responded. (Doc. 43).

In its response, Milspec submits that Request No. 53 (the Federal Aviation Administration communications) is moot as those documents have already been produced, and that it will produce documents responsive to Requests No. 48 ("STC kit" sale records) and No. 52 (quality control manual), but access to the manual will be limited to "Attorney's Eyes Only." Milspec further notes that it will produce responsive documents for Requests Nos. 61–63 (other sales records and profit and loss statements), but only to the extent (1) the records are relevant to the time-frame at issue in the Complaint (Doc. 1) and (2) the records are relevant to the products at issue in the Complaint. Likewise, Milspec represents that it will also produce documents responsive to

Requests Nos. 70 and 71 (state and federal taxation documents), but only to the extent the records are relevant to the time-frame at issue in the Complaint.

As an initial matter, to the extent that Milspec has agreed to provide the above-mentioned documents to Plaintiff, but has not yet done so, Milspec shall provide such documentation **on or before May 1, 2017**. And to the extent that Milspec has provided or will provide Plaintiff with responsive documentation, the Court offers no opinion at this time whether such production constitutes a sufficient and complete response to Plaintiff's requests.[1] The Court is disinclined, though, to simply weed through the requests and the now proposed production to decide which items remain deficient.

Given Milspec's production (and anticipated production), the Court finds that the most appropriate result at this time is to **TERMINATE** the instant **MOTION** (Doc. 31) as **MOOT**. Indeed, I note that at the hearing held before me last Friday Plaintiff's counsel stated that she is still receiving responsive documents from Milspec, documents that—according to Milspec—

---

[1] Milspec asserts in its response that the relevant time-period for the production of documents related to financial records and sales data is the past two years as "the alleged false advertisements occurred exclusively in 2015 and 2016 for purposes of calculating purported damages under the Lanham Act, then [Plaintiff] should not be entitled to sales data, information about all products sold and sensitive financial information that pre-date this two year period." (Doc. 43 at p.7). I note that the Complaint does allege that Milspec has falsely advertised throughout 2015 and 2016. (Doc. 1 at ¶16). As Milspec has already agreed to produce responsive documents, the parties shall confer (in-person or by telephone) on what time-period is relevant. Yet, at a minimum, Milspec shall produce responsive documents from the past two years by the deadline provided above (that is, May 1, 2017), unless the parties agree to another arrangement.

I further note that now Plaintiff has filed a reply to Defendant's response. (Doc. 51). In its reply, Plaintiff notes, among other things, that Defendant's objections (including any relevancy objections) to the production requests are wholly conclusory and inadequate and, thus, the Court should overrule them in total and order Defendant to produce the requested five years' worth of financial records and sales data. But surely this reply ignores the case law Defendant cites in support of its theory of limiting any sales data and financial records to a two-year period. *See* (Doc. 43 at p. 7) (citing *Pinilla v. Northwings Accessories Corp.*, No. 07-21564-CIV, 2007 WL 2826608, at *5 (S.D. Fla. Sept. 25, 2007), which limited the production of documents to the time-period at issue asserted in the parties' claims and counterclaims). In any event, what is certainly clear is that the parties—given the lack of successful communication that both identify in their papers—have failed to comply with the spirit of the meet and confer rule. *See* Local Rule 3.01(g).

reflect recent communications between the Federal Aviation Administration and Milspec (these documents would likely be responsive to Request No. 53). Notably, the termination of the motion is without prejudice to the Plaintiff to file an additional motion to compel, as may be necessary after accessing what was produced in light of what was requested.

Finally, under Federal Rule of Civil Procedure 37(a)(5), if a disclosure or requested discovery is provided after a motion to compel is filed, then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court must not, however, order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 35(a)(5)(i–iii).

Here, Milspec has provided discovery requested in Plaintiff's motion to compel *after* the motion was filed. Thus, **on or before May 8, 2017**, *Plaintiff* is directed to provide an assessment of its reasonable expenses, including attorney's fees, necessitated by Milspec's inadequate discovery responses. *Milspec* shall then have until **on or before May 15, 2017**, to show cause why costs and fees should not be awarded to Plaintiff in the amount stated, failing which the requested costs and fees may be imposed as requested.

**DONE** and **ORDERED** in Ocala, Florida on April 21, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties